98 S.W.3d 312 (2003)
In the Interest of L.R.P.
No. 01-02-00107-CV.
Court of Appeals of Texas, Houston (1st Dist.).
January 16, 2003.
Ebb B. Mobley, Longview, TX, Patricia A. Batton, Houston, TX, for Appellant.
Angela Lenee Mickelboro, Houston, TX, for Appellee.
Panel consists of Justices HEDGES, KEYES, and EVANS.[*]

*313 OPINION
EVELYN V. KEYES, Justice.
We are asked to determine whether the trial court abused its discretion in ordering appellant, Mark P., to pay to appellee, Angie M., $400 per month in child support. We affirm.

Background
Mark and Angie began dating while in high school. Angie learned she was pregnant and gave birth to the couple's son in January 2001. After a hearing in July 2001, Mark's paternity was stipulated and the trial court issued temporary access and support orders. In December 2001, Mark and Angie reached an agreement on certain issues and submitted the remainder to the court to be determined at a bench trial. The trial court signed a final decree in which it ordered Mark to pay retroactive and ongoing child support.
The trial court made findings of fact and conclusions of law in which it determined that Mark's monthly net resources are $2,000. The trial court calculated the amount of support as 20% of that amount, or $400. Mark now appeals the amount of support ordered. Angie appeared pro se at trial and on appeal; she has not filed an appellee's brief.

Amount of Child Support
In his sole point of error, Mark contends the trial court abused its discretion in ordering him to pay $400 per month in child support because: (1) the court mischaracterized the nature of his income and resources as "gifts and prizes"; (2) there is no evidence to support the court's finding that Mark's net resources are $2,000 per month; and (3) the court applied the incorrect section of the Family Code to calculate the child support.
The purpose of child support is to help a custodial parent maintain an adequate standard of living for the child. Farish v. Farish, 982 S.W.2d 623, 627 (Tex.App.-Houston [1st Dist.] 1998, no pet.). The determination of the amount of child support to be paid is left to the discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion. Bible v. Bible, 631 S.W.2d 177, 178 (Tex.App.-Houston [1st Dist.] 1981, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). Under an abuse of discretion standard, legal and factual insufficiency are not independent reversible grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. Beaumont Bank v. Buller, 806 S.W.2d 223, 226 (Tex.1991).
Mark contends that the trial court erred in characterizing his parental support and athletic scholarship as "gifts and prizes" under section 154.062(b)(5) of the Family Code. See Tex. Fam.Code Ann. § 154.062(b)(5) (Vernon 2003). Mark himself classified his father's support as a "gift" in his financial disclosure to the trial court. However, relying on Ikard v. Ikard, 819 S.W.2d 644 (Tex.App.-El Paso 1991, no writ), and Tucker v. Tucker, 908 S.W.2d 530 (Tex.App.-San Antonio 1995, no writ), Mark argues on appeal that the money he receives from his father should not be considered a "net resource" because his father has no legal obligation to provide him with money. In Ikard, the El Paso court refused to consider gifts of money and clothing made by the mother's parents to the mother and children as "net resources" that should reduce the amount of child support provided by the father, in part because there was no legal obligation *314 on the part of the grandparents to provide such gifts, and in part becauseat that timechild support paid to an obligee from any other source was to be disregarded. Id. at 648-49. The Tucker court, relying on Ikard, ruled that even if the obligor's father provided him with money, such gifts would not be "resources" within the meaning of the statute. Id. at 535.
We decline to adopt this interpretation of what comprises "net resources" because it is directly contrary to the plain language of the current statute. The statute defines resources to embrace in part "all other income actually being received" including "gifts and prizes." TEX. FAM.CODE ANN. § 154.062(b)(5). It is in the nature of a gift that there is no legal obligation to give it. By definition, a gift is the voluntary transfer of property without consideration or compensation. Ballantine's Law Dictionary 551 (1930).
Even if we agreed with the interpretation of what constitutes net resources as set out in Ikard and Tucker, we find the circumstances here to be distinguishable. Mark is not a working adult, as were the obligors in both those cases. Rather, he is a college student.[1] His father does not give him occasional gifts of money; he gives Mark a fixed amount of money each month to pay for his living expenses. We liken the monthly amount Mark's father sends to him to spousal maintenance; thus, we are persuaded that this kind of ongoing support falls within the purview of the statute.
Mark argues that the trial court should have based its order of support on the section of the Family Code that permits the court to presume a party has wages equal to the federal minimum wage for a 40-hour week. Tex. Fam.Code Ann. § 154.068 (Vernon 2002). We likewise reject this argument. Section 154.068 applies when there is no evidence of the amount of wages a party earns, thus triggering a presumption of minimum wages earned. Id. What is absent here is not evidence of earnings, but the earnings themselves. Moreover, earnings are but one source of income contemplated by section 154.062. See Tex. Fam.Code Ann. § 154.062 (Vernon 2002). Accordingly, the trial court did not err in basing its calculations on section 154.062 rather than upon section 154.068.
Finally, Mark contends the evidence is factually insufficient to support the trial court's finding that his net resources are $2,000 per month. Again, we disagree. The record reflects that Mark receives a partial athletic scholarship that pays for his tuition, fees, books, and some meals. Mark and his father both testified that Mark receives $1,072 per month for his living expenses, and the financial disclosure form Mark completed shows that same amount. Mark's father owns an automobile dealership; he provides his son with a car and pays for the insurance and maintenance of the car. He also pays directly for some other expenses in addition to the $1,072 he gives to Marksuch things as Mark's cell phone, medical insurance, and medical bills. Mark testified he works during the summers and was able to save enough for a Mardi Gras trip. He was also able to obtain a $3,500 loan to pay his attorney's fees.
The duty to pay child support is not limited to an obligor's ability to pay from earnings, but also to his ability to pay from any and all sources that may be available. *315 TEX. FAM.CODE ANN. § 154.062(b); S.B.C., 952 S.W.2d at 18. The trial court evidently assigned a cash value to the in-kind gifts from Mark's father and added it to the monthly gift amount of $1,072; it also evidently considered the partial scholarship to be a resource. All of these resources were properly included, based upon section 154.062(b)(5). Tex. Fam.Code Ann. § 154.062(b)(5).
Given the record before us, we hold there was sufficient evidence to support the trial court's finding that Mark's net resources are $2,000 per month. The trial court did not abuse its discretion in ordering Mark to pay $400 per month to support his son.
We overrule the sole point of error.
We affirm the trial court's decree.
NOTES
[*] The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.
[1] Although students are sometimes excused from paying child support until they graduate, see, e.g., Dressler v. Aldridge, 567 S.W.2d 48, 48 (Tex.Civ.App.-El Paso, 1978, no writ), this is not always the case. Cf. In re S.B.C., 952 S.W.2d 15, 18 (Tex.App.-San Antonio 1997, no writ). Moreover, Mark has expressed his desire to support his child.