Opinion filed April 6, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 6, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00034-CV 

                                                     __________

 

                             IN
THE INTEREST OF M.A.B., A CHILD

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                Trial
Court Cause No. D-114,293

 



 

                                             M
E M O R A N D U M  O P I N I O N

This appeal arises from a suit affecting the
parent-child relationship.  We affirm.

The attorney general filed suit against Seferino
Lopez Besares, the child=s
father, to obtain court-ordered child support payments from him.  An associate judge entered an order on
December 1, 2003, which required appellant to pay child support in the amount
of $504 per month.  The associate judge
based this award on a determination that appellant had monthly net resources of
$2,880.  








On December 2, 2003, appellant timely filed a
notice of appeal.  See Tex. Fam. Code Ann. ' 201.015(a) (Vernon 2002).  The trial court subsequently entered an order
on May 26, 2004, dismissing the case for want of prosecution.  The trial court later reinstated the appeal
in an order entered on June 8, 2004.  A
hearing on the appeal of the associate judge=s
order occurred on January 10, 2005.  The
trial court signed an order on January 20, 2005, approving the associate judge=s order entered on December 1,
2003.  Appellant attacks the child
support award in a single issue.

                                                               Jurisdictional
Issue

The attorney general has raised a preliminary
issue concerning the jurisdiction of the trial court to consider appellant=s appeal of the associate judge=s order.  This issue focuses on an event that occurred
during the thirteen-day period between the date the trial court dismissed the
case for want of prosecution (May 26, 2004) and the date the trial court
reinstated the case (June 8, 2004).

The attorney general filed a motion for judgment nunc pro tunc on
June 2, 2004, regarding the associate judge=s
order entered on December 1, 2003.  The
attorney general asserted in the motion that two dates in the associate judge=s order needed to be corrected.  The trial court entered an order on June 2,
2004, which granted the motion for judgment nunc pro tunc.  This order provided in relevant part as
follows:

On June 2, 2004, the Court considered the ATTORNEY
GENERAL=S OFFICE=S Motion for Judgment Nunc Pro Tunc.

 

IT IS ORDERED that a Judgment Nunc Pro Tunc be
entered as follows:

 

See Attached.

 

A corrected copy of the associate judge=s
order was attached to the trial court=s
order granting the motion for judgment nunc pro tunc.  

The attorney general makes the following assertion
regarding the trial court=s
order granting the motion for judgment nunc pro tunc:  ABy
signing this order, the trial court made the [associate judge=s] recommended order, as changed, the >Judgment Nunc Pro Tunc= of the court.@[1]  We disagree. 









While a corrected copy of the associate judge=s order is attached to the order
granting the motion, there is no language in the order whereby the trial court
expressly adopted the associate judge=s
order as the order of the trial court. 
Absent language to this effect, the trial court=s
order granting the motion for judgment nunc pro tunc did not transform the
associate judge=s order
into an order of the trial court.  The
attachment of the corrected associate judge=s
order to the order granting the motion for judgment nunc pro tunc simply served
as a method for memorializing the correction of the associate judge=s order.

                                              Determination
of Child Support Amount

In his sole issue, appellant contends that the
trial court miscalculated his monthly net resources to be $2,880.  He essentially challenges the sufficiency of
the evidence supporting the trial court=s
determination of his average monthly gross resources.  See Tex.
Fam. Code Ann. '
154.061 (Vernon Supp. 2005).

A court=s
order of child support will not be disturbed on appeal unless the complaining
party can show a clear abuse of discretion. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); In re
L.R.P., 98 S.W.3d 312, 313 (Tex. App.CHouston
[1st Dist.] 2003, pet. dism=d).  In making this determination, the reviewing
court must view the evidence in the light most favorable to the actions of the
trial court and indulge every legal presumption in favor of the judgment. Nordstrom
v. Nordstrom, 965 S.W.2d 575, 578 (Tex. App.CHouston
[1st Dist.] 1997, pet. denied); In re S.B.C., 952 S.W.2d 15, 17-18 (Tex.
App.CSan
Antonio 1997, no writ). If there is some evidence of a substantive and
probative character to support the judgment, the trial court did not abuse its
discretion. Nordstrom, 965 S.W.2d at 578; In re S.B.C., 952
S.W.2d at 18.  Under the abuse of
discretion standard, legal and factual insufficiency are not independent
reversible grounds but are relevant components in assessing whether the trial
court abused its discretion. In re L.R.P., 98 S.W.3d at 313.

Appellant argues on appeal that the trial court
erred in calculating his net monthly resources to be $2,880 because his oral
testimony and tax returns indicate that his annual income never exceeded
$10,000.  He testified that he is a
self-employed owner/operator of an automobile paint and body shop.  His 2001 tax return listed an adjusted gross
income of $7,072, and his 2002 tax return listed an adjusted gross income of
$9,196.  Appellant also testified that
his income in 2003 was Aabout
$10,000.@ However,
appellant also testified that he deducted all of his personal expenses as
business expenses on his taxes, including his house payments, utilities, and
auto expenses.  He testified that Ahis bills@
amounted to $26,000 to $28,000 a year.








The record does not establish that the trial court
abused its discretion in determining appellant=s
net monthly resources.  In light of
appellant=s
testimony that he deducted several thousand dollars of his personal expenses as
business expenses on his taxes, the trial court was justified in determining
that appellant=s actual
income was much greater than the adjusted gross income listed on his tax
returns.  See Hudson v. Markum,
948 S.W.2d 1, 3-4 (Tex. App.CDallas
1997, writ den=d).  We note in this regard that appellant listed
a gross income of $45,978 on Schedule C of his 2002 income tax return.  Appellant=s
sole issue is overruled.

                                                               This
Court=s Ruling

The trial court=s
judgment is affirmed.

 

TERRY McCALL

JUSTICE

 

April 6, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]The attorney general contends that neither the trial
court nor this court has jurisdiction to review the associate judge=s award because appellant did not challenge or appeal
the trial court=s order granting the motion for judgment nunc pro tunc.