ACCEPTED
01-15-00224-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/15/2015 12:15:41 PM
CHRISTOPHER PRINE
CLERK

**Appellant's Brief**

**Appeal No. 01-15-00224-CV**

**In the Court of Appeals**

**First District Court of Texas**

**Houston, Texas**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

12/15/2015 12:15:41 PM

CHRISTOPHER A. PRINE
Clerk

---

*TODD DAVID ROGERS, APPELLANT*

*V*

*GINA MARIE ROGERS, APPELLEE*

---

**Trial Court Case No 12-DCV -199022**
**The Honorable James Shoemake**
**434th Judicial District Court, Fort Bend County, Texas**

---

**APPELLANT'S BRIEF**
Walter P. Mahoney Jr
State Bar No.: 12844600
3668 Burke
Pasadena, Texas 77504
(281) 998-9450
(281) 998-9430
ATTORNEY FOR APPLICANT

**ORAL ARGUMENT REQUESTED**

*Identity of Parties and Counsel*

The following is a list of all parties and all counsel in this matter:

Appellant:  Todd Rogers

Trial Court Attorney for Appellant:

Walter P. Mahoney, Jr., 3668 Burke , Pasadena, Texas 77504

Appellee : Gina Marie Rogers

Trial Court attorney for Appellee: Marlene Zimmeister 106 Gunther Street , Sugar Land, Texas 77478

Trial Court Judge: The Honorable James Shoemake , 434th Judicial District Court , 1422 Eugene Heiman Circle , Richmond, Texas 77469

*Table of Contents*

Identity of Parties and Counsel.................................................................i

Table of Contents.................................................................................ii

Table of Authorities.............................................................................iii

Statement of the Case...........................................................................5

Statement of Jurisdiction.......................................................................7

Issues Presented...................................................................................5
      Issue Number One.......................................................................5
      Issue Number Two.......................................................................5

Statement of Facts.................................................................................6

Argument and Authorities
      Issue Number One Restated.........................................................6
      Argument and Authorities.........................................................6-8
      Issue Number Two Restated.........................................................8
      Argument and Authorities.........................................................8-9

Prayer.................................................................................................9

Certificate of Service............................................................................10

## *Table of Authorities*

*Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238 (Tex. 1985), cert. denied, 476 U. S. 1159, 106 S.Ct. 2279, 90L.Ed. 721 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .....................6, 18

*Grandinetti v. Grandinetti ,* 600 S.W. 2d. 371 (Tex. App. -Houston{14th} 1980 no writ)...........9

*Hughes v. Hughes* No-12-07-00313-CV (Tex. App. Tyler {12th Dist.} 2009). . . .........................9

*Lenz v. Lenz ,* 060602 TXSC, 01-0232 (Tex. 2002)…………………………………….……………….....7

*In Re Stephanie Lee,* No. *11-073 (*Tex. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .............…..7

*In Re L.R.P.,* 98 S W 2d 312 (Tex. App.-Houston {1st Dist. } 2003, pet. dism'd)..........8

*Villasenor v. Villasenor,* 911 S.W2d 411 (Tex. App.-San Antonio1995 no writ. ).........9

*Worford .v Stamper,* 801 S.W.2d 108 (Tex. 1990)...........................................................8

Statutes

Texas Family Code Section 105.002 ( c ) (D) . . . . . . . . .......................……………….......…….13

Texas Family Code 151.001……………………………….………….......………….........…….14

*iii*

TO THE HONORABLE JUDGES OF SAID COURT:

Comes now Todd Rogers who file this Appellant's Brief and who would show unto this Court as follow:

## STATEMENT OF THE CASE

This is an appeal from a jury trial and a subsequent Court Trial on the issues that were not decided by the jury. The sole question presented to the jury was which parent should establish the primary physical residence for the minor children the subject of the lawsuit. The jury verdict designated the father and the remaining issues were submitted to the trial Court. The Appeal is being prosecuted without the benefit of the Reporter's Record because the Appellant feels the error of the Trial Court can be established based upon the Clerks record alone. This Appeal follows.

## Statement of Jurisdiction

This Court has jurisdiction over a direct appeal from the 43th District Court of Ft Bend County, Texas

## Issue Number One

The trial court erred in its allocation of rights and duties as a matter of law by giving both parents the right to make educational decisions for the children.

## Issue Number Two

The trial court erred by entering an order that allowed the Appellee to avoid her responsibility to support her children by entering an order that created a basis of alternative method of achieving

credit for funds not actually paid.

STATEMENT of the FACTS

This is an appeal from a divorce case that was tried to a jury. The only issue that the jury was to decide was which parent would establish the primary physical residence of the children. That issue was submitted to the jury and they reached a verdict whereby they indicated that the primary physical residence of the children should be established by Appellant.[1] When it came time to enter a judgment, on the jury's verdict the trial court issued an order that delegated the rights of each of the parents with regard to the children. Under the terms of that rendition the trial court gave Appellant and Appellee the right to make educational decisions for the children and in so doing negated the effect of the jury's verdict.[2]

Issue Number One Restated

The trial court erred in its allocation of rights and duties as a matter of law by giving both parents the right to make educational decisions for the children.

ARGUMENT AND AUTHORITIES

The Texas Family Code defines what issues a litigant is entitled to have submitted to a jury. Under section 105.002 (C) a person is entitled to the benefit of a jury verdict on the issue of establishing the primary physical residence of the children. In this case the court entered a judgment that gave Appellant the right to establish the primary physical residence of the children but in addition he gave the Appellee the independent right to make educational decisions for the children. In doing that he is allowing her to make the decision where the children will attend school, setting up a direct conflict with the right of the Appellant to establish the primary physical residence of the children. This court will only disturb the decision from the court below when there is an abuse of discretion. An abuse of

---

[1] Cr Supplemental Clerks Record page 47
[2] CR  decree Supplemental Clerks Record page 47

6

discretion occurs when a court acts without regard to guiding principles of law. When the legislature gives a litigant an absolute right to a jury verdict on establishing the primary physical residence part and parcel of that right is the right to make educational decisions for the children especially the location where the children will attend school. When the court gives both of the parents right to make educational decisions be it either exclusive or independent then there is an immediate conflict if the parents are at loggerheads in making the decision of where the children will attend school. The right to establish the primary physical residence of the children has got to encompass some basic rights that include at the very least the ability to determine where the children attend school. If that were not the case and both parents have the right to make educational decisions the non-primary parent would be able to select a school district beyond the living area where the custodial parent has established the primary physical residence of the children. If this were to happen then the school district where the children were to attend, based upon the right to establish the primary physical residence, will be in conflict with a decision by a parent who has the right to make educational decisions for the child. The effect is that if the court gives the noncustodial parent the right to make education decisions along with the custodial parents the Court has abused its discretion by failing to rule. The children are left in a position without a resolution and the school district is unable to know who is correct or in charge. It also will have the effect of negating the jury verdict if the non-custodial parent exercises her authority from the trial Court. [3]

This is a significant portion of the trial Court's responsibility in dissolving the marriage. This is no different than what the Texas Supreme Court has said is prohibited when the Legislature defines a parent's rights under provisions in the Texas Family Code. [4] With Stephanie Lee it was the right to entry of a judgement upon the entry of a Mediated Settlement Agreement. In this case it is a jury verdict on the right to establish the primary physical residence of the child. When a court acts contrary to guiding principles of law the court abuses its discretion and the decision should be reversed. A trial Court abuses its discretion when it acts arbitrarily and without regard to guiding principles of law. [5] Appellant contends by making a decision to give both parents the right to make educational decisions he has failed

---

[3] *Lenz v. Lenz* , 060602 TXSC, 01-0232 (Tex. 2002)
[4] In Re Stephanie Lee  No. 11-0732. (Tex.2013)
[5] *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238 (Tex. 1985), cert. denied, 476 U. S. 1159, 106 S.Ct. 2279, 90L.Ed. 721 (1986)

7

to render a judgement that judicially determines all the issues before the court and acted in a fashion that is arbitrary and unreasonable. [6]

Issue Number Two Restated

The trial court erred by entering an order that allowed the Appellee to avoid her responsibility to support her children by entering an order that created a basis of alternative method of achieving credit for funds not actually paid.

ARGUMENT AND AUTHORITIES

This Court will not disturb an order for child support on a direct appeal unless the complaining party can demonstrate a clear abuse of discretion. [7] This translates into a review that looks at whether or not the Trial Court acted without regard to guiding principles of law or in a fashion that is arbitrary and capricious. [8] In this particular appeal this Court is being asked to reverse the judgement of the lower court without regard to the evidence presented in that court. Appellant contends that on the face of the clerk's records this case should be reversed because the trial court has entered an order that is contrary to guiding principles of law and constitutes an abuse of discretion. The air that is demonstrated on the face of the court record is the nature of the order for periodic child support. The trial court gives the appellee an opportunity to opt out of paying periodic support for the children by giving her a credit or sums of money that were part and parcel of the division of the community estate at the time of the divorce. If this type of arrangement is allowed to discharge an obligation for support carried to its logical wrong conclusion a party in a divorce action would be able to negate their entire support obligation by claiming that the other party owed them money as a result of the court prior property division. In fact, if this methodology for payment is allowed to exist one of the litigants could take the position that at the time of the property division the court allocated certain death to each of the parties and because the custodial parent didn't pay the child support obligate the thing the prior credit obligations allocated in

---

[6] Supplemental Clerk's record p 47
[7] *Worford v, Stamper,* 801 S.W.2d 108 (Tex. 1990)
[8] *In Re L. R. P.,* 98 S.W.3d 312 (Tex. App, - Houston {1stDist.} 2003, pet. Dism'd)

8

the decree the noncustodial parent could avoid paying child support by paying other creditors. This type of an arrangement is contrary to guiding principles of law because it enables parents to avoid providing periodic support for children to the custodial parent. [9] When a court acts contrary to guiding principles of law or in a fashion that is arbitrary and unreasonable that court abuses its discretion. When the court enters an order that enables one of the parents to avoid their obligation or periodic support for the children that order is contrary to guiding principles of law which mandate that both parents support the children.[10] Once financial ability to pay is demonstrated, there is a statutory mandate to order payment from the non-custodial parent to the custodial parent. [11] in this lawsuit the trial court made such an order but a bomb making the order issued a counter demanding order that enabled and enables the parent to avoid periodic payments. Appellant contends that providing this type of an Avenue of satisfying the periodic child support obligation to the appellee the court is active in violation of the provisions of the Texas family code and contrary to guiding principles of law. Such actions constitute and rise to the level of an abuse of discretion that would warrant the reversal of the underlying judgment by this court. [12]

Prayer

Wherefore, premises considered, Appellant prays that this Court review the foregoing authority and arguments of Counsel and upon such review reverse the judgment of the trial court in accordance with the assertions herein and remand this cause to the trial court for further proceedings consistent with the law.

---

[9] *Hughes v. Hughes* No-12-07-00313-CV (Tex. App. Tyler {12th Dist.} 2009)
[10] Texas Family Code 151.001
[11] *Villasenor v. Villasenor* 911S.W.2d 411 (Tex. App. -San Antonio 1995 no writ)
[12] *Grandinetti v. Grandinetti* , 600 S.W. 2d. 371 (Tex. App. -Houston{14th} 1980 no writ)

9

**Certificate of Service**

I, Walter P. Mahoney Jr. certify that a true copy of this Appellant's Brief was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

Marlen Zinsmiester 106 Gunther Street, Sugarland, Texas 77478, Texas

Trial Counsel for Gina Marie Rogers

Method of service: certified mail, return receipt requested  and electronic Service

Date of Service: 12-15-15

The Honorable James Shoemake, 1422 Eugene Heimann Circle, Richmond, Texas 77469

Method of service: US Postal Service

Date of service: All of these done on the 15thth day of December 2015.

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Civil Procedure.

/S/Walter P. Mahoney Jr _____

Attorney for Appellant


I, Walter P. Mahoney Jr. , do hereby certify that the foregoing document contains 2,192words.


/s/Walter P. Mahoney Jr. _____

Walter P. Mahoney Jr.