

# NUMBER 13-24-00087-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF P.J.G., A CHILD

---

## ON APPEAL FROM THE 353RD DISTRICT COURT
## OF TRAVIS COUNTY, TEXAS

---

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Cron and Fonseca
### Memorandum Opinion by Justice Cron[1]

Proceeding pro se, P.G. (Father) appeals from an agreed final order in a suit

affecting the parent-child relationship[2] (SAPCR) which, among other things, named him

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it differs from our own. TEX. R. APP. P. 41.3.

[2] As we discuss in this memorandum opinion, there was a jury trial followed by a post-trial hearing; however, the trial court signed an "AGREED FINAL ORDER IN SUIT AFFECTING THE PARENT-CHILD RELATIONSHIP."

and appellee T.H. (Mother), joint managing conservators of their child, P.J.G.[3] Father argues: (1) the trial court erred in forcing him into the "Title IV[-]D[4] program without his consent and against his will"; (2) "incentive payments given to states from the Title IV-D program create conflicts of interest with trial court judges"; (3) the trial court violated the "Due Process Clause of the [Fourteenth Amendment] by having a conflict of interest with the Title IV-D agency"; and (4) the trial court "violat[ed his c]onstitutionally protected right as a parent to have equal time with [P.J.G.]"[5] We affirm.

## I. BACKGROUND

On September 12, 2022, Father, pro se, filed a SAPCR concerning P.J.G. That same day, he filed a motion for temporary orders. Mother filed a counter suit and also requested temporary orders, including guideline child support during the pendency of the suit. On October 18, 2022, Father retained counsel who filed a request for a de novo hearing with respect to temporary orders on "conservatorship, possession, and access, and child support."

Temporary orders were entered on November 1, 2022, which directed Father, among other things, to pay $640.00 per month in child support to Mother. Subsequently, Father amended his pleading and requested orders restricting P.J.G.'s residence to Travis County, Texas and contiguous counties and "a week on/week off possession

---

[3] We refer to the child and the parties by their initials or a pseudonym. *See* TEX. FAM. CODE § 109.002(d).

[4] *See* 42 U.S.C. §§ 651–669b.

[5] We note that in the "Issues Presented" section of Father's brief, he states his fourth issue as, "Can the trial court override federal Supreme Court law, rules and regulations to force [his] child to be on welfare without his consent." However, in two other locations in his brief, including in his argument section, he states his fourth issue as we have quoted it.

2

schedule." Amended temporary orders were entered on January 11, 2023, but the child support amount to be paid by Father to Mother remained the same.

Father, pro se again, filed a request for a jury trial on January 23, 2023. And on March 2, 2023, Father filed a "Petition to Terminate Withholding for Child Support." By written order on March 29, 2023, the trial court denied Father's petition.[6] On June 23, 2023, Father filed a "Notice of Motion Demand [sic] to Vacate a Void Judgment Coram Non-Judice 'Before a Person Not a Judge' Void for Violation of the [Fourteenth] Amendment and Must be Vacated under Federal Rule 60(b)(4) or State Law Equivalent." He also filed an unsworn "Affidavit [sic] of Truth" in which he professed to be "a natural freeborn Sovereign, without subjects," and stated "I voluntarily choose to comply with the man-made laws which serve to bring harmony to society, but no such laws, nor their enforcers, have any authority over me. I am not in any jurisdiction, for I am not of subject status."

A jury trial was held in July 2023, and the jury found that Mother should have the exclusive right to designate the primary residence of P.G.J. with a geographic restriction of "Travis County and contiguous counties." During a post-trial hearing, Mother testified that after the trial, she agreed to be a joint managing conservator with Father. She also requested guideline child support from Father. Father was opposed to any court-ordered child support.

The trial court ultimately took the matter under advisement. On September 14, 2023, the trial court entered a final order which, among other things, appointed both

_____

[6] It appears a hearing was held on the petition, but we do not have a record of that hearing.

parents joint managing conservators of P.J.G., gave Mother the exclusive right to designate P.J.G.'s primary residence within Travis County and contiguous counties, and ordered Father to pay Mother child support of $1,008.37 per month. Father filed a motion for new trial, which was denied by the trial court. Father now appeals.

## II. DISCUSSION

In his brief, Father groups his first three issues together and relies on three cases, *Blessing v. Freestone*, 520 U.S. 329 (1997), *Holmberg v. Holmberg*, 588 N.W.2d 720 (Minn. 1999), and *Wehunt v. Ledbetter*, 875 F.2d 1558 (11th Circ. 1989), and two federal statutes, 42 U.S.C. § 658a and 42 U.S.C. § 1301(d).[7]

### A. Briefing Requirements

Our appellate rules require an appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i); *In re C.D.S.*, No. 13-24-00202-CV, 2025 WL 1982805, at *1 (Tex. App.—Corpus Christi–Edinburg July 17, 2025, no pet.) (mem. op.) ("An appellant's brief must concisely state all issues or points presented for review and contain a clear and concise argument, including appropriate citations to authority and the record."); *Turner v. Morton*, No. 02-23-00301-CV, 2024 WL 853357, at *1 (Tex. App.—Fort Worth Feb. 29, 2024, no pet.) (mem. op.) ("The '[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal.'" (citations omitted)). Although we strive to decide cases on the merits, "an issue *can* be forfeited or waived." *Borusan Mannesmann Pipe US, Inc. v. Hunting Energy Serv.*, 716 S.W.3d 572, 575 (Tex. 2025)

---

[7] Mother did not file a brief.

(per curiam); *see Bertucci v. Watkins*, 709 S.W.3d 534, 541 (Tex. 2025).

Pro se litigants, such as Father, are held to the same standard as a licensed attorney. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Litsinger v. Litsinger*, No. 03-25-00106-CV, 2025 WL 3533270, at *1 (Tex. App.—Austin Dec. 10, 2025, no pet.) (mem. op.) ("[Appellant] is not treated differently as a pro se litigant but is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure.").

## B.   Analysis

### 1.   First Three Issues

*Blessing*, *Holmberg*, and *Wehunt* do not support Father's first three arguments because: (1) they do not hold that a trial court is prohibited from ordering child support nor do any of them discuss that issue; and (2) they do not discuss conflicts of interest at all. *See* 520 U.S. at 329; 588 N.W.2d at 720; 875 F.2d at 1558. Instead, in *Blessing,* a case in which custodial parents sued the director of Arizona's child support agency claiming they had an enforceable individual right to have the State's program achieve "substantial compliance" with the requirements of Title IV-D, the Court held that "Title IV-D does not give individuals a federal right to force a state agency to substantially comply with Title IV-D."[8] 520 U.S. at 332–33. In *Holmberg*, a consolidated case challenging the constitutionality of Minnesota's administrative child support process, the Minnesota Supreme Court held that current structure of that process violates separation of powers

---

[8] Additionally, we observe that this past year in *Medina v. Planned Parenthood South Atlantic*, a case concerning whether individual Medicaid beneficiaries may sue state officials for failing to comply with a funding condition, the Supreme Court clarified that courts should no longer consult *Blessing* (and two other cases) "when asking whether a spending-power statute creates an enforceable individual right." 606 U.S. 357, 376 (2025).

5

and is unconstitutional because it "infringes on the district court's original jurisdiction," "[administrative law judges] jurisdiction is not inferior to the district court's jurisdiction," and it "empowers nonattorneys to engage in the practice of law." 588 N.W.2d at 721, 726. And lastly, in *Wehunt*, involving a challenge to the program established under the Aid to Families with Dependent Children program, the court found that "Title IV-D was not enacted to confer a private cause of action on the appellant or any other person similarly situated." 875 F.2d at 1559, 1567.

Apart from reciting 42 U.S.C. § 1301(d) and directing us to 42 U.S.C. § 658a, Father makes conclusory and unsupported statements.[9] *See Ofuani v. Ofuani*, No. 05-24-00861-CV, 2025 WL 2368876, at *4 (Tex. App.—Dallas Aug. 14, 2025, no pet.) (mem. op.) ("[A]though the argument for each issue includes one or two citations to statutes, rules, and case law, Appellant's analysis of these issues consists solely of a recitation of each authority, summary of the authority's holding, and conclusory statements that the trial court did not follow the cited authority or violated his rights."). "We are not required to make arguments for pro se litigants." *Litsinger*, 2025 WL 3533270, at *2 (citation omitted).

Even if we concluded the brief was adequate, we would nonetheless overrule Father's first three issues because he has failed to show how the holdings from *Blessing*, *Holmberg*, and *Wehunt* must be interpreted to demonstrate error in the trial court's final SAPCR order. *See Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) (per curiam) ("The burden is upon a party appealing from a final judgment to show that judgment is erroneous in order to obtain a reversal."); *Switkowski v. Archibold*, No. 15-

---

[9] We note that Father references a "'Dear Colleague Letter of April 2023" in his brief, but he does not provide a record citation. *See* TEX. R. APP. P. 38.1(i).

25-00155-CV, 2026 WL 110883, at \*2 (Tex. App.—15th Dist., Jan. 15, 2026, no pet. h.) (mem. op.). In other words, these cases do not stand for the arguments Father makes.

Further, and again assuming Father's brief was adequate, we are not bound to follow *Holmberg* or *Wehunt*. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993) ("While Texas courts may certainly draw upon the precedents of the Fifth Circuit, or any other federal or state court, in determining the appropriate federal rule of decision, they are *obligated* to follow only higher Texas courts and the United States Supreme Court."); *see City of Carrollton v. Singer*, 232 S.W.3d 790, 797 n.6 (Tex. App.—Fort Worth 2007, pet. denied) ("Although we are not bound by federal authority, we may rely on it as persuasive."); *Heras v. Diocese of Corpus Christi*, Nos. 13-19-00412-CV, 13-19-00413-CV, 2022 WL 710065, at \*3 n.9 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022, no pet.) (mem. op.) ("[W]e are not bound to follow out-of-state authorities." (citation omitted)). Accordingly, Father has forfeited his first three issues.[10] Tex. R. App. P. 38.1(i).

### 2.     Final Issue

In his final issue, with reliance on *Troxel v. Granville*, 530 U.S. 57 (2000), Father appears to contend that his parental rights are being infringed upon because prior to the trial court ordering him to pay child support, he was "already financially supporting [his] child the way [he] saw fit," and "[i]f you infringe upon those rights, the right to make financial decisions about [his] child[,] you are infringing on [his] parental rights."

---

[10] We note that Father's conflict-of-interest complaints (issue two and three) appear to focus on a particular judge that signed the first temporary order (given he specifically names the trial court judge), but that order is now moot since a final order has been signed. *See Litsinger v. Litsinger*, No. 03-25-00106-CV, 2025 WL 3533270, at \*1 (Tex. App.—Austin Dec. 10, 2025, no pet.) (mem. op.) (citation omitted) ("[Appellant's] complaint about the temporary orders' recitation that he had appeared and announced ready became moot when the trial court entered its final order.").

Additionally, he argues the "trial court gave [him] LESS time with [his child] so they could get money from [him] through the Title IV-D program."

As Father points out, *Troxel* stands for the proposition "that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.* at 66. Stated differently, "the Due Process Clause does not permit a State to infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a 'better' decision could be made." *Id*. at 72–73. Apart from this, however, Father fails to provide a cogent argument as to how his fundamental parental rights are being infringed upon by the trial court's child support order. *See* TEX. R. APP. P. 38.1(i); *see also In re C.D.S.*, 2025 WL 1982805, at *2 ("[Mother] cites to the holdings in *Troxel v. Granville*, 530 U.S. 57 (2000), and *Stanley v. Illinois*, 405 U.S. 645 (1972), but fails to make a cogent argument as to why they those cases are applicable and relevant to this case."); *Ofuani*, 2025 WL 2368876, at *3 ("The right to appellate review in Texas extends only to complaints made in accordance with our rules of appellate procedure, which require an appellant to clearly articulate the issues we will be asked to decide, to make cogent and specific arguments in support of its position, to cite authorities, and to specify pages in the record where each alleged error can be found.").

Again, even assuming Father's brief was adequate, Father's argument lacks merit because the trial court appointed Mother and Father as joint managing conservators, and Mother having a greater amount of possession of P.J.G. does not necessarily control which parent pays child support. *See* TEX. FAM. CODE §§ 153.135, .138, 154.001; *Gopalan v. Marsh*, 706 S.W.3d 650, 677 (Tex. App.—Austin 2025, pet. filed) ("Which

8

parent determines the children's primary residence and who has the greater amount of possession of the children does not control which parent pays child support."); *S.L. v. S.L.*, No. 02-19-00017-CV, 2020 WL 4360448, at *3 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.) ("The appointment of joint managing conservators does not impair or limit the authority of the court to order a joint managing conservator to pay child support to another joint managing conservator." (citations omitted)). Moreover, child support is to help a custodial parent maintain an adequate standard of living for the child and is not a "debt." S*ee In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005) (per curiam) ("[T]he obligation to support a child is viewed as a legal duty and not as a debt."); *In re L.R.P.*, 98 S.W.3d 312, 313 (Tex. App.—Houston [1st Dist.] 2003, pet dism'd). Accordingly, Father has forfeited his final issue. TEX. R. APP. P. 38.1(i).

### III. CONCLUSION

We affirm the trial court's judgment.

JENNY CRON
Justice

Delivered and filed on the
26th day of January, 2026.