No. 04-01-00302-CV



Jeffery M. DELLAROCCO,


Appellant



v.



Deborah G. DREW,


Appellee



From the 218th Judicial District Court, Atascosa County, Texas


Trial Court No. 98-11-0656-CVA


Honorable Olin B. Strauss, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Paul W. Green, Justice


Delivered and Filed: December 12, 2001


AFFIRMED

 Deborah Drew filed a petition to modify child support against her former husband, Jeffery
Dellarocco. After a bench trial, the trial court ordered an increase in child support payments, and
Jeffery appealed. Because we conclude the trial court did not abuse its discretion, we affirm.

BACKGROUND

 Jeffery and Deborah were divorced on May 20, 1999 pursuant to an Agreed Final Decree of
Divorce. According to the terms of the agreed order, Jeffery was to pay $500.00 per month for
support of the couple's only child. This amount was derived through agreement of both parties and
was not calculated using the Texas Family Code guidelines, which would have mandated a larger
sum. In August 2000, Deborah filed a petition to modify the original order, seeking an increase in
child support. In February 2001, the trial court modified the original order, increasing Jeffery's child
support obligation to $617.31 per month. The trial court arrived at this amount by applying the
Family Code guidelines to Jeffery's current monthly net resources, which were determined by the trial
court to be $3,086.57. 

 On the date of the original order, Jeffery had the rank of an E-6 with 16 years of service in
the United States Air Force and he was receiving a base monthly pay of $2,065.80. On the date of
the modification, Jeffery had the rank of an E-7 with 18 years of service and he was receiving a base
monthly pay of $2,588.10. The trial court determined that there was a substantial change of
circumstances with regards to Jeffery's monthly net resources. 

DISCUSSION

 In one issue on appeal, Jeffery asserts that the trial court abused its discretion in increasing
his child support obligation because it did not compare his monthly net resources as of the date of the
modified order with his monthly net resources as of the date of the original order.

STANDARD OF REVIEW

 The trial court has broad discretion in determining whether to modify a child support order.
In Interest of S.B.C., 952 S.W.2d 15, 17 (Tex. App.--San Antonio 1997, no writ). We will not
disturb a trial court's order of child support unless the complaining party can show a clear abuse of
discretion. Id. A trial court abuses its discretion when it acts without reference to any guiding rules
or principles; in other words, when the court's act is arbitrary and unreasonable. Id. In making this
determination we must view the evidence in the light most favorable to the trial court's actions and
indulge in every legal presumption in favor of the judgment. Id. at 17-18. If there is some probative
and substantive evidence to support the judgment, the trial court did not abuse its discretion.
Id.


 ANALYSIS

 The Texas Family Code provides that a trial court may modify a child support order under
one of two circumstances: (1) if the movant can meet the requisite showing that the circumstances
of the child or a person affected by the order have materially and substantially changed since the date
that the original order was rendered, or (2) it has been three years since the order was rendered or
last modified and the monthly amount of the child support award under the order differs by either
twenty percent or $100 from the amount that would be awarded in accordance with the child support
guidelines. Tex. Fam. Code Ann. § 156.401(a) (Vernon Supp. 2001). Here, there is no dispute that
less than three years has passed since the original order was rendered; therefore, we consider only
whether the circumstances of the child or a person affected by the original order have materially and
substantially changed since the date of the original order.

 In ruling on a modification, the court must compare the financial circumstances of the child
and the affected parties at the time the support order was entered with their circumstances at the time
the modification is sought. Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.--San Antonio 1995,
writ denied). The child's best interest is the premier consideration in matters of child support. Id.
at 532-33.

 The Family Code provides guidelines regarding the amount of support that is presumptively
reasonable and in the child's best interest. Tex. Fam. Code Ann. § 154.122(a) (Vernon 1996). A
trial court may consider these guidelines in determining whether there has been a material or
substantial change of circumstances that warrants a modification. Tex. Fam. Code Ann. §
156.402(a) (Vernon Supp. 2001). The Family Code also provides that if the amount of support
contained in the prior order "does not substantially conform with the guidelines, the court may modify
the order to substantially conform with the guidelines if the modification is in the best interest of the
child." Id. § 156.402(b). A material and substantial change has not occurred merely because the
child support order is not in compliance with the guidelines. In the Interest of G.J.S., 940 S.W.2d
289, 294 (Tex. App.--San Antonio 1997, no writ). The trial court's use of the guidelines is
discretionary, not mandatory. Escue v. Escue, 810 S.W.2d 845, 848 (Tex. App.--Texarkana 1991,
no writ). Furthermore, a court may consider other relevant evidence in addition to the factors listed
in the guidelines. Tex. Fam. Code Ann. § 156.402(b). 

 Here, there is no evidence in the record as to any change in either Deborah's or the child's
circumstances since the date of the original order. Deborah's only basis for an increase in child
support payments is that Jeffery was recently promoted, resulting in an increase in his base pay.

 Evidence was presented at trial that Jeffery's base pay was but one aspect of his total gross
income. Jeffery presented evidence that his gross income from the time of the original order to the
time of the modification remained relatively the same, despite his promotion, because he was
stationed overseas in Europe when the original order was rendered and he was transferred back to
the U.S. before the modification. Jeffery received an extra $500 for his basic housing allowance while
stationed in Europe; however, he lost this monetary benefit when he returned to the U.S. Jeffery
testified that his total gross income actually decreased from $3,628.08 to $3,626.36 because he no
longer receives a cost of living allowance, and he receives a substantially lower sum for housing and
other allowances since returning to the U.S. 

 The trial court found that Jeffery's base military pay increased from $2,065.80 per month at
the time of the original order to $2,588.10 per month at the time of modification, and it concluded
that Jeffery's monthly net resources had increased since the original order. The court applied the
Family Code guidelines and determined that twenty percent of Jeffrey's monthly net resources
equaled $617.31. The trial court found that Jeffery did not rebut the presumption that the Family
Code guidelines should be applied to calculate his child support obligation, and it concluded that it
was in the child's best interest to apply the guidelines.


CONCLUSION

We hold that some probative and substantive evidence supports the trial court's judgment;
thus, the court did not abuse its discretion in increasing Jeffery's child support payments from $500
to $617.31. Therefore, we affirm the trial court's judgment.


 Tom Rickhoff, Justice

DO NOT PUBLISH