# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00726-CV

Christopher P. Smith, Appellant

v.

Patricia K. Detrich, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-FM-01-002973, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christopher P. Smith filed a motion to modify his child-support obligation due to changed circumstances. Appellee Patricia K. Detrich opposed his motion and filed a motion for enforcement based on Smith's failure to pay past-due child support and court-ordered attorney's fees from a prior proceeding. After a hearing, the trial court denied Smith's request to reduce his child support, found him in contempt for failure to pay past-due child support and attorney's fees, and imposed sanctions against him.

Smith brings seven points of error on appeal. He alleges first that the trial court abused its discretion by denying his motion to modify child support because (1) the court erroneously found him intentionally unemployed or underemployed, (2) the amount of child support ordered by the court leaves him with insufficient resources, and (3) the court erroneously found that he has other net resources available to him, including non-residential real estate, to use to support his children.

Smith also asserts that the trial court erred by (1) failing to "accept [his] affirmative defense" of payment as a defense to sanctions, (2) "creating a high burden to effect a downward modification in child support," (3) failing to admit documents from the Texas Workforce Commission detailing his year-long employment search efforts, and (4) imposing sanctions against him.

We will affirm in part and dismiss the appeal in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Smith and Detrich have two children together from their prior marriage. Smith, a career naval officer, was stationed in Florida when the couple divorced in May 1999. Detrich, the managing conservator, moved with the children to Austin in June 2000. In an effort to be closer to his children, Smith searched for an assignment near Austin, eventually securing a position at a naval base in Corpus Christi, a transfer that Smith claims "was not career enhancing and would have [negative] implications for future assignments." After two years in Corpus Christi, Smith was reassigned to Florida and also served overseas. In 2006, he was offered a three-year deployment overseas; desiring to be near his children, he declined the posting. After another unsuccessful attempt to secure a favorable assignment closer to Texas, Smith accepted an assignment to the naval recruiting station in Austin on the condition that he retire when first eligible. Smith retired from the Navy on March 1, 2007.

Smith's child-support obligation, set in 2003, is $1500 per month, which was based on his then-current gross annual salary of approximately $100,000, or approximately $8333 per month before adjusting for taxes. After retirement, Smith testified that his gross monthly income was reduced to $3027 from his naval pension, which, after adjusting for taxes, leaves $2462.48 as

2

his net monthly income. In his motion to modify child support, Smith requested that his child-support obligation be reduced to $603.06, the amount he claims is proper based on the application of the family code's child-support guidelines to his new net resources. *See* Tex. Fam. Code Ann. § 154.125 (West 2008) (guidelines state 25% of monthly net resources is proper award for two children when obligor has no other children). Detrich opposed the modification and asserted at the hearing that Smith was intentionally unemployed or underemployed because, since leaving the Navy, he had not worked nor been enrolled in any further education or job-training classes aside from attending a GRE (graduate school entrance exam) preparation course. Smith testified that he seriously considered attending law school but, at the time of the hearing, had not taken any concrete steps toward that goal. He also testified that he had searched for jobs but found that his training and skills from the Navy did not transfer well to the Austin job market. After hearing testimony from Smith and Detrich, the trial court denied Smith's motion to modify, finding him intentionally unemployed or underemployed.

Before the hearing, Smith was behind on his child-support payments to Detrich and behind on court-ordered payments to her attorney for fees taxed against him from a prior motion to modify. Detrich filed a motion for enforcement, requesting the court to hold Smith in contempt. Smith filed a motion to strike Detrich's motion for sanctions, which the trial court denied. At the hearing, Smith told the trial court that he paid his arrearages and presented a copy of his payment record from the Office of the Attorney General, which the court admitted into evidence. The court, noting that "it is routine . . . to proceed on the motion for enforcement . . . even though the amount has been paid up by the time of the hearing," held Smith in contempt and sentenced him to 90 days

3

in jail, suspended on condition that he (1) pay child support in full and on time each month, (2) pay $5000 in attorney's fees, at a rate of $500 per month until fully paid, that Detrich incurred in defending this motion to modify, and (3) pay any and all outstanding amount previously ordered to be paid.

Smith requested findings of fact and conclusions of law from the trial court. The court's amended findings of fact and conclusions of law state in pertinent part that: (1) Smith receives $3027.00 per month from his military retirement, $2462.48 of which is available as a net resource, (2) Smith "testified that he has rejected employment available to him because they [sic] offered less in salaries than he felt himself entitled to receive," (3) Smith owns non-residential real property and has other resources available to him that he could use to support his children, (4) the amount of Smith's net resources, including his earning potential, is significantly more[1] than what he receives as income because he is "intentionally unemployed and/or underemployed," (5) the requested child-support modification would not be in the best interests of the children, (6) Smith admitted to failing to pay child support and attorney's fees as previously ordered, (7) Detrich's

---

[1] The actual text of the court's finding of fact number five is: "The amount of obligor's net resources, including the earning potential[,] is significantly *less* than what the obligor receives as income. The specific reason that the amount of child support is not modified is that obligor is intentionally unemployed and/or underemployed." (Emphasis added.) We infer from the context that the court meant to use the word "more" instead of the word "less" and that its failure to do so was a scrivener's error. Neither Smith nor Detrich noted the error in their briefs, and both argue this appeal as if the court had written "more." We assume that the court's finding is consistent with section 154.066 of the family code. *See* Tex. Fam. Code Ann. § 154.066 (West 2008) ("If the actual income of the obligor is significantly less than what the obligor could earn because of intentional unemployment or underemployment, the court may apply the support guidelines to the earning potential of the obligor."). In addition, the finding is nonsensical as written.

4

attorney's fees from this legal proceeding of $5,000 were reasonable and necessary and should be taxed against Smith.

**STANDARD OF REVIEW**

On appeal, Smith asserts that the trial court abused its discretion by finding that he was intentionally unemployed or underemployed and challenges the legal and factual sufficiency of the evidence on which the court made its finding. In reviewing a child-support order, our analysis is two-pronged. *In re E.A.S.*, 123 S.W.3d 565, 569 (Tex. App.—El Paso 2003, pet. denied). First, we ask if the trial court had sufficient information on which to exercise its discretion—essentially a legal and factual sufficiency review of the evidence. *Id.* After reviewing the evidence for legal and factual sufficiency, we then ask if, given the results of our review, the court abused its discretion. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, *i.e.*, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). When deciding if the court erred, "the factual and legal sufficiency of the evidence are not independent grounds for appeal but are relevant considerations" in our abuse-of-discretion review. *Goodson v. Castellanos*, 214 S.W.3d 741, 756 (Tex. App.—Austin 2007, pet. denied); *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) ("Whether there was no evidence to support [the order] . . . would . . . be a relevant consideration in determining if the trial court abused its discretionary authority."). When it comes to deciding what law applies or in applying that law to the facts of the case, the trial court has no

5

discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (trial court's failure to correctly analyze or apply law constitutes abuse of discretion).

The first part of our review requires us to evaluate the sufficiency of the evidence. There is legally insufficient evidence to sustain a fact-finding if the record presents one of the following situations:

> (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In our review for legal sufficiency, we consider the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *Id.* at 807.

"A trial court's findings of fact are reviewed for factual sufficiency of the evidence under the same legal standards as applied to review jury verdicts for factual sufficiency of the evidence." *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). "When reviewing a jury verdict to determine the factual sufficiency of the evidence, the court of appeals must consider and weigh all the evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). "The court of appeals is not a fact finder. Accordingly, the court of appeals may not pass upon the

witnesses' credibility or substitute its judgment for that of the jury, even if the evidence would clearly support a different result." *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

## DISCUSSION

### *Contempt and Sanctions*

We begin by addressing Smith's points of error two and seven, in which he complains that the trial court abused its discretion by finding him in contempt of court for failing to pay child support even though he provided proof of payment at the hearing on Detrich's motion for enforcement.

We have concerns about the validity of the contempt order in light of subsection 157.162(d) of the family code, which states:

> The court may not find a respondent in contempt of court for failure to pay child support if the respondent appears at the hearing with a copy of the payment record or other evidence satisfactory to the court showing that the respondent is current in the payment of child support as ordered by the court.

Tex. Fam. Code Ann. § 157.162(d) (West 2008); *see also* Act of May 25, 2007, 80th Leg., R.S., ch. 1189, § 2, 2007 Tex. Gen. Laws 4054, 4054 ("The change in law made by this Act applies to a hearing to enforce an order in a suit affecting the parent-child relationship that commences on or after the effective date of this Act [June 15, 2007]. A hearing before the effective date of this Act is governed by the law in effect on the date the hearing commenced, and the former law is continued in effect for that purpose."). The hearing in the present case commenced on October 12, 2007.

7

This Court, however, does not have jurisdiction to review contempt orders on direct appeal. *Texas Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *In re A.M.*, 974 S.W.2d 857, 861 (Tex. App.—San Antonio 1998, no pet.); *Metzger v. Sebek*, 892 S.W.2d 20, 54 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Even when a contempt order is contained within an otherwise appealable judgment, we have no jurisdiction to review the contempt order. *See In re Gonzalez*, 993 S.W.2d 147, 157 (Tex. App.—San Antonio 1999, no pet.); *Metzger*, 892 S.W.2d at 54. "Contempt orders are reviewable only by original proceedings. If a contempt order does not involve confinement, it is reviewable by petition for writ of mandamus; if it does involve confinement, it is reviewable by petition for writ of habeas corpus." *Nesbitt v. Nesbitt*, No. 03-06-00025-CV, 2009 Tex. App. LEXIS 5104, at *1 (Tex. App.—Austin July 1, 2009, no pet.) (mem. op.) (citing *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999)). Consequently, we lack jurisdiction to consider Smith's points of error regarding the contempt order.

### *Motion to Modify*

By issues one, three, four, and five, Smith asserts that the trial court abused its discretion by denying his motion to modify child support. A court *may*, within its broad discretion, modify an order for child support if the "circumstances of the child or a person affected by the order have materially and substantially changed." Tex. Fam. Code Ann. § 156.401(a) (West 2008). In denying Smith's motion to modify, the court stated that the "specific reason that the amount of child support is not modified is that [Smith] is intentionally unemployed and/or underemployed." The court also found that "Smith owns non residential real properties and has other financial resources available to him which could be used for the support of the children." Section 154.066 of the family

8

code allows the court to consider Smith's "earning potential" if his "actual income . . . is significantly less than what [he] could earn because of intentional unemployment or underemployment." *Id.* § 154.066.

Smith asserts that to find that a parent is intentionally underemployed or unemployed, there must be evidence that the parent reduced his or her income for the purpose of decreasing his or her child-support payments. He cites to *In re E.A.S.*, 123 S.W.3d at 570, and *In re P.J.H.*, 25 S.W.3d 402, 405-06 (Tex. App.—Fort Worth 2000, no pet.), for support. While we acknowledge that some of our sister courts have held that section 154.066 requires such intent, this Court has held that "'[s]ection 154.066 does not require the court to consider whether the obligor's 'voluntary unemployment' was for the primary purpose of avoiding child support.'" *Iliff v. Iliff*, No. 03-08-00382-CV, 2009 Tex. App. LEXIS 5655, at *21 (Tex. App.—Austin July 21, 2009, no pet.) (mem. op.) (quoting *Hollifield v. Hollifield*, 925 S.W.2d 153, 156 (Tex. App.—Austin 1996, no writ)). Unemployment is "but one of myriad factors a court could consider when exercising its broad discretion to determine child support obligations." *Id.* This Court's holding in *Iliff* is not inconsistent with a plain-meaning reading of section 154.066, and we decline to revisit it in this case.

We begin our analysis by turning to the first part of the two-part test, determining if the court had legally and factually sufficient evidence on which to base its finding that Smith was "intentionally unemployed and/or underemployed." Smith claims that the trial court's finding is unsupported by the record and that he proved "conclusively to the District Court that his search for employment has been diligent, exhaustive and was ongoing." He notes that there was no evidence

9

in the record about the earning potential for individuals with his skills, qualifications, and experience in the Austin job market.

After reviewing the record, we conclude that there was legally and factually sufficient evidence to support the trial court's decision. Smith testified that he retired from the Navy voluntarily, reducing his income from over $100,000 per year to about $36,000 per year.[2] He had been unemployed for at least seven months at the time of the hearing. Smith testified that he holds bachelor's degrees in political science and economics and is fluent in Spanish. He also testified that he was a naval officer for twenty-two years and that he was trained as a helicopter pilot and flew helicopters for several years, although he has since allowed his license to lapse. There was also evidence that, after retirement, Smith sought jobs only in the human-resources, project-management, and operations-management fields, yet admitted that he was not currently qualified for those jobs. He testified that, at least at first, he was only searching for jobs that paid about $50,000 per year. Furthermore, Smith testified that he felt there was no requirement for him to seek employment beyond his retirement income. From this evidence, the trial court could have found that Smith was intentionally unemployed or underemployed.

The facts of the present case closely parallel those in *In re S.B.C.,* 952 S.W.2d 15 (Tex. App.—San Antonio 1996, no writ). In that case, the child-support obligor voluntarily retired from the military and remained unemployed in preparation for law school. *Id.* at 18. The obligor

_____

[2] The record suggests that Smith's retirement and move to Austin was prompted primarily by his desire to live closer to his children. His motivation for voluntarily reducing his income is but one factor the trial court could consider when deciding whether to grant Smith's motion to modify. *See Iliff*, 2009 Tex. App. LEXIS 5655, at *21.

10

sought a reduction in child support to reflect this change in his situation. In denying his request, the trial court held that he was intentionally unemployed. *Id.* Affirming, the court of appeals noted that the trial court did not abuse its discretion because there was evidence that the obligor intentionally retired from the military, remained unemployed to prepare for law school, was physically able to work, had undergraduate and master's degrees, and had experience as a medical lab technician. *Id.* In the present case, there is evidence that Smith intentionally retired from the military, was physically able to work, had undergraduate degrees, and had job experience as a naval officer, including being trained as a helicopter pilot. As in *In re S.B.C.*, the trial court in the present case did not abuse its discretion in finding Smith intentionally underemployed or unemployed.

Smith complains that there was no evidence in the record to justify a child-support award of $1500 per month, which, when based on the guidelines, suggests that Smith should have $6000 per month in net resources. *See* Tex. Fam. Code Ann. § 154.125 (guidelines state 25% of monthly net resources is proper award for two children when obligor has no other children). He asserts that his only net income is $2462.48 from his naval pension and claims that there was legally and factually insufficient evidence in the record to account for the difference between the $6000 per month he is assumed to have to justify a $1500-child-support award and his actual monthly income. We note, however, that Smith testified about his naval salary, which would have supported a guidelines-based award of $1500 per month. The court could have found that Smith's retirement from the Navy was intentional unemployment and imputed his earning potential from his previous

11

salary. The trial court could have made a reasonable inference from Smith's testimony that, if Smith had accepted different assignments with the Navy, he could have maintained or increased his prior salary.

Smith asserts that the trial court erred in finding that he had non-residential real property and other assets that could be used to support his children. Family code section 154.067 states that "[w]hen appropriate, in order to determine the net resources available for child support, the court may assign a reasonable amount of deemed income attributable to assets that do not currently produce income." Tex. Fam. Code Ann. § 154.067(a) (West 2008). There is some evidence in the record to suggest that Smith owns an undivided one-half interest in land—worth approximately $76,000 less a debt of unknown amount payable to Smith's father-in-law—that does not currently produce income. Although we agree with Smith that there is no evidence in the record with which to compute a reasonable deemed monthly income, we note that the trial court's denial of Smith's motion to modify is based only on the fact that he was intentionally unemployed or underemployed, so whether there is sufficient evidence to support a deemed income from the land is not dispositive.

Smith claims that the trial court erred because it "created a high burden to effect a downward modification in child support." He cites to this statement by the court:

> Mr. Smith, you have a heavy burden when you're asking to modify child support. I understand that from your viewpoint a year and perhaps originally you thought even four years was a reasonable transition time after retiring from the military. However, it is not reasonable and the children cannot wait that long. You are going to need to broaden your job search.

12

Smith claims that, by saying that he had a "heavy burden," the trial court misstated the law. We disagree. First, such oral comments have no import. Moreover, section 156.401 of the family code is discretionary; a court is not compelled to reduce Smith's child support even upon a showing of a substantial and material change in his financial situation. *See id.* § 156.401 ("[T]he court *may* modify an order that provides for the support of the child . . . ."). It is left to the trial court's sound discretion to weigh all the relevant factors when deciding (1) whether there has been a substantial and material change, and (2) whether that change warrants a reduction in child support. We do not disturb the trial court's judgment absent a clear abuse of that discretion, which is not present here.

Because we hold that the trial court did not abuse its discretion, we overrule Smith's four issues with respect to the denial of his motion to modify.

### *Exclusion of Evidence*

By his last issue, Smith asserts that the court did not allow him to present evidence at the hearing that would have documented his job-search efforts. During the hearing, Smith offered into evidence several documents from the Texas Workforce Commission that, he claims, "detailed [his] year-long and ongoing employment search efforts." He argues that the trial court's decision to exclude these documents "caused the rendition of an improper judgment and prevented Smith from properly presenting his case to the District Court and this Court of Appeals."

A trial court's evidentiary ruling will be upheld if there is any legitimate basis for the ruling. *Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We review the decision for an abuse of discretion. *Id.* To challenge the court's exclusion of evidence, the complaining party has to present the excluded evidence to the trial court via an offer of proof or a

13

bill of exception. Tex. R. Evid. 103(a), (b); Tex. R. App. P. 33.2; *see also Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.). An offer of proof must be (1) made before the court, but outside the presence of the jury, (2) in the presence of opposing counsel, and (3) preserved on the reporter's record. *Fletcher v. Minnesota Mining & Mfg. Co.*, 57 S.W.3d 602, 607 (Tex. App.—Houston [1st Dist.] 2001, no pet.). If no offer of proof is made, the excluded evidence can be preserved for appeal by filing, within 30 days of the notice of appeal, a bill of exception. Tex. R. App. P. 33.2(e)(1); *see also Estate of Miller*, 243 S.W.3d at 837.

Smith claims that he made a formal offer of proof to the trial court, and cites the following exchange:

> Q. Other than what you've testified to now, is there anything else that you think is relevant as to why the Court should consider modifying the amount of child support?
>
> A. Yes. I would like to offer to the Court a letter from the Texas Work Force Commission employer [sic] who cites essentially that I've made an active employment search and identifies some of the factors I've talked about here today.
>
> MR. TAYLOR: Judge, I don't think it's relevant.
>
> THE COURT: I'm going to sustain that objection. It's also hearsay. There's no way of cross-examining that person on there. I'll sustain the objection.
>
> MR. SMITH: It has their letterhead and from --
>
> THE COURT: I understand, sir.
>
> MR. SMITH: Yes, Your Honor.

14

This exchange is not an offer of proof; it is Smith's offer of documents into evidence, opposing counsel's objection, and the court's ruling. To preserve error, Smith had to comply with rule of evidence 103(a)(2) and make a formal offer of proof after the trial court's ruling or file a bill of exception as described in rule of appellate procedure 33.2. These procedures allow excluded documentary evidence or witness testimony to be included in the record for the purposes of appeal, which is critical because this Court cannot review excluded evidence if it is not in the record. Because the documents at issue here were not made part of the record, there is no way for us to determine whether the trial court erred by excluding them, nor to determine whether any error was harmful. *See* Tex. R. App. P. 33.1(a)(1)(B) (prerequisite to presenting complaint to appellate court is to comply with Texas Rules of Evidence).

Because Smith failed to preserve his evidentiary objection for appellate review, we overrule this issue.

## CONCLUSION

This Court lacks jurisdiction to review the contempt order; therefore, we dismiss Smith's appeal as to issues two and seven. Because he failed to preserve his evidentiary objection for appeal, we overrule Smith's sixth issue. Because the trial court did not abuse its discretion when it denied Smith's motion to modify child support, we overrule Smith's issues one, three, four, and five and affirm the portion of the order denying his motion to modify.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed in part; Dismissed in part

Filed:   January 13, 2010