

## Court Of Appeals
## Fourth Court of Appeals District of Texas
## San Antonio

★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00048-CV

**IN THE INTEREST OF T.K.W., A CHILD**

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 11402
Honorable Stephen B. Ables, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed: February 17, 2010

AFFIRMED IN PART; REVERSED AND RENDERED IN PART

This appeal concerns the modification of Richard Watson's child support obligation and the trial court's imposition of sanctions against his former wife, Pam Watson, and her attorney, James Chapman. Pam and her attorney appeal, claiming the trial court abused its discretion in modifying Richard's child support obligation and in awarding sanctions against them. After reviewing the record, we affirm the trial court's modification order because the trial court acted within its discretion when it reduced Richard's child support obligation from $2,000 to $1,500 per month. However, the record does not support the sanctions award against Pam and her attorney. Accordingly, we reverse the trial court's award of sanctions and render judgment that Richard take nothing on his claim for sanctions.

## BACKGROUND

Pam and Richard were divorced in 2005 pursuant to an agreed final decree of divorce. According to the terms of the parties' divorce decree, Richard was to pay his former wife $2,000 per month for support of the couple's only child. This amount was derived through the agreement of the parties and was not calculated using the Texas Family Code guidelines. At the time of the divorce, Richard had net monthly resources in excess of $6,000 per month. By contrast, Pam did not have any net monthly resources around the time of the divorce.

Richard's business remained successful following the divorce until 2007, when his business slowed significantly. Richard subsequently filed a "Petition to Modify Parent-Child Relationship" seeking, among other things, a reduction in his child support obligation. In his amended petition, Richard claimed he was entitled to a reduction in his child support obligation "by virtue of a loss of income." The parties proceeded to a bench trial in July 2008.

At trial, the trial court heard that Richard's income had fallen since the time of the divorce due to a slowing of his business. The trial court heard testimony indicating Richard made $167,776 in 2004; $365,021 in 2005; $237,079 in 2006; and $115,453 in 2007. Besides hearing evidence about the change in Richard's financial circumstances, the trial court heard Pam had a change in her financial circumstances as well. The evidence indicated that Pam had gone from having no income at the time of the divorce, to earning between $100 and $800 per month.

Based upon the evidence before it, the trial court determined a material and substantial change in circumstances had occurred that would warrant a modification of Richard's child support obligation. Although the trial court determined Richard still had net monthly resources in excess of $6,000 per month, it concluded the change in the parties' financial circumstances warranted a

reduction of Richard's child support obligation from $2,000 to $1,500 per month.  The trial court

determined the "amount of child support ordered by the Court is slightly higher than the percentage

guidelines."

Following the bench trial, Richard filed a "Motion for Sanctions and/or Contempt for Abuse

of Discovery, Violation of Rule 13 of [the] Texas Rules of Civil Procedure[,] and Violation of Rule

10.004 of the Civil Practice and Remedies Code" based upon the purported pretrial misconduct of

Pam and her attorney.  The trial court held a hearing on Richard's motion and awarded Richard

$10,000 in attorney's fees as sanctions against Pam and her attorney.  The trial court entered findings

of fact and conclusions of law following its imposition of sanctions, and this appeal followed.

MODIFICATION OF CHILD SUPPORT

Pam argues the trial court abused its discretion when it reduced Richard's child support

obligation from $2,000 to $1,500 per month.  She contends the trial court erred by modifying

Richard's child support obligation because the language of the agreed divorce decree precludes

anyone from seeking modification of the obligation.  Alternatively, Pam claims the trial court erred

by modifying Richard's child support obligation because the record does not establish any material

and substantial change in the parties' circumstances that would warrant a reduction in Richard's

child support obligation.

**Effect of Agreed Divorce Decree**

We first turn to Pam's contention that the parties could not seek modification of Richard's

child support obligation because the obligation is actually part of the parties' property settlement and

thus not subject to modification.  Initially, we note that nothing in the parties' agreed divorce decree

indicates that the child support obligation is part of the property division.  More importantly,

however, child support agreements require different consideration from property settlement agreements. *Hill v. Hill*, 819 S.W.2d 570, 572 (Tex. App.—Dallas 1991, writ denied). In property settlement agreements finality is critical. *Id.* The parties must be able to prove title to the property in order to mortgage, sell, lease, or utilize their property. *Id.* No such considerations exist in child support agreements, where the State's interest in the continuing welfare of the children outweighs the parents' interest in having an established, permanent level of support payments. *Id.* Accordingly, when parties draft child support agreements, they cannot agree to prohibit the intervention of the courts where such intervention is authorized by the Family Code. *See id.* Section 156.401 of the Family Code specifically authorizes courts to modify the level of a child support obligation. TEX. FAM. CODE ANN. § 156.401 (Vernon 2009); *see also Hill*, 819 S.W.2d at 572 (construing predecessor statute). Because courts may modify an individual's child support obligation pursuant to statute, we reject Pam's first contention.

**Material and Substantial Change in Circumstances**

Turning to Pam's contention that the record does not establish a material and substantial change in the parties' circumstances that would warrant a reduction in Richard's child support obligation, we must again reject Pam's contention. Modification of a child support obligation is proper upon a showing that the circumstances of the child or a person affected by the order have materially and substantially changed since the order was signed. TEX. FAM. CODE ANN. § 156.401; *In re S.B.C.*, 952 S.W.2d 15, 17 (Tex. App.—San Antonio 1997, no pet.). In a modification proceeding, the trial court compares the financial circumstances of the child and the affected parties at the time the support order was entered with their circumstances at the time modification is sought. *In re S.B.C.*, 952 S.W.2d at 17.

The trial court has wide discretion in determining whether child support modification is appropriate, and its decision will not be disturbed on appeal without a showing of an abuse of that discretion. *Id.* The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Id.* In making our determination, we must view the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the judgment. *Id.* at 17-18. If there is some probative and substantive evidence to support the judgment, the trial court did not abuse its discretion. *Id.* at 18.

The record shows that at the time of the parties' divorce in February 2005, the amount of net resources available to Richard exceeded $6,000 per month, while Pam did not have any net resources available to her. After several successful years of business, Richard's company suffered an economic downturn, which caused his income to decline significantly. Richard's gross taxable income fell to $115,453 in 2007, with a large portion of his income for that year ($51,912) arising when he cashed out a retirement account. The court heard evidence that based upon his current income, a reduction in Richard's child support obligation was necessary because it was difficult for Richard "to pay $2,000 a month right now." The trial court further heard that Pam was now earning between $100 and $800 per month.

After reviewing the evidence presented at trial, we conclude the record contains both probative and substantive evidence to support the trial court's determination that the parties' circumstances had materially and substantially changed so as to warrant a reduction in Richard's child support obligation. The record shows the trial court heard evidence demonstrating Richard's income had declined significantly since the time of the divorce, while his ex-wife's income had

increased over that same time period. Because there is some probative and substantive evidence to support the trial court's determinations, we cannot say the trial court acted arbitrarily or unreasonably when it reduced Richard's child support obligation from $2,000 to $1,500 per month.

### DISCOVERY FREEZE

Next, Pam alleges we must set aside the trial court's modification order because the trial court erroneously ordered a freeze on discovery that limited her ability to "defend herself and develop relevant and material evidence." A trial court's determination to freeze discovery is reviewed under an abuse of discretion standard. *K.C. Roofing Co. v. Abundis*, 940 S.W.2d 375, 379 (Tex. App.—San Antonio 1997, writ denied). "If the trial court abuses its discretion in a discovery ruling, the complaining party must still show harm on appeal to obtain a reversal." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009). Harmful error is error that "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting" his or her case to this court. TEX. R. APP. P. 44.1(a); *see Ford Motor Co.*, 279 S.W.3d at 667.

With respect to Pam's allegation that the trial court improperly ordered a freeze on discovery, the record shows the trial court set the underlying matter for trial on March 3, 2008. Approximately three weeks before trial was set to commence, the trial court held a hearing on various pretrial matters. The court notified the parties at this hearing that it was granting Pam a continuance until April 10, 2008, and that if the parties wanted to amend their pleadings or conduct any additional discovery they would have to seek leave of court. The case was subsequently reset for trial on July 28, 2008. Although Pam objected generally to the ruling freezing discovery, she never sought leave of court to initiate additional discovery or to amend any pleadings following the trial court's purported discovery freeze.

Pam argues the trial court's discovery ruling "had the effect of severely crippling [her] ability to defend herself and develop relevant and material evidence." Although Pam contends the trial court's discovery ruling stopped her from engaging in discovery concerning her potential defenses and counterclaims, the record reveals that Pam did conduct in depth discovery, much of which was responded to with thousands of pages of documentation. Further, Richard was subjected to cross-examination at trial, and there is no indication that he withheld information from Pam. Because the record demonstrates Pam was not harmed by the trial court's alleged discovery freeze, we reject Pam's contention. *See generally K.C. Roofing Co.*, 940 S.W.2d at 380 (holding error in "freezing" discovery may constitute harmless error). Accordingly, we overrule Pam's challenges to the trial court's modification order.

### SANCTIONS

Finally, Pam and her attorney contend the trial court abused its discretion when it imposed sanctions against them. A trial court's award of sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). "To determine if there is an abuse of discretion, we must look to see if the court acted without reference to any guiding rules and principles." *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986).

The record shows that after the conclusion of the trial on the merits, Richard filed a motion for sanctions against Pam and her attorney, asserting multiple grounds, including discovery abuse and filing frivolous/groundless pleadings in bad faith and for improper purposes. Richard alleged Pam and her attorney had engaged in pretrial conduct that violated unspecified discovery rules, Rule 13 of the Texas Rules of Civil Procedure, and Chapter 10 of the Texas Civil Practice and Remedies

Code. The trial court held a hearing on Richard's motion and awarded him $10,000 in attorney's fees as sanctions against Pam and her attorney.

The trial court's sanctions order does not set forth the particulars justifying the imposition of sanctions. The court's order simply states Pam's attorney "should be sanctioned because he has abused discovery, violated Rule 13 of the Texas Rules of Civil Procedure and he has abused the legal process in general." The court order also provides "these attorney's fees shall be awarded jointly and severally with the attorney's fees assessed against [Pam] in that one certain Order in Suit to Modify the Parent-Child Relationship signed the same date herein."[1] The trial court subsequently entered findings of fact and conclusions of law in support of its sanctions award. Although the trial court's findings of fact and conclusions of law outline some of the acts and omissions by Pam's attorney during the discovery phase of the trial, it too fails to explain the actual basis for the sanctions imposed. The findings and conclusions entered by the court merely state: "Attorney for Respondent repeatedly violated Rule 13 of the Texas Rules of Civil Procedure [and] . . . Chapter 10 of the Civil Practice and Remedies Code . . . [and] $10,000 in attorney's fees . . . is a reasonable sanction to be levied against [him] to prevent future occurrences of such conduct by [him]."

The record indicates Richard knew before trial that Pam's attorney had made numerous requests for production and inspection of documents and procrastinated when it came to reviewing the discovery he produced. We need not decide whether such acts and omissions justified the imposition of sanctions against Pam and her attorney because the record shows Richard failed to secure a pretrial hearing and ruling as to this alleged pretrial misconduct. By not securing a pretrial

---

[1] The trial court's order in the suit to modify requires Pam to pay Richard $17,500 in conditional appellate attorney's fees.

hearing and ruling as to this conduct, Richard waived any claim for sanctions based upon such conduct. *See Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993) (holding failure to obtain pretrial ruling on discovery disputes that are known to exist before commencement of trial constitutes waiver of any claim for sanctions based on that conduct).

Rule 13 of the Texas Rules of Civil Procedure authorizes a trial court to impose sanctions against an attorney, a represented party, or both for filing a groundless pleading brought in bad faith or for purposes of harassment. TEX. R. CIV. P. 13. Sanctions under chapter 10 of the Texas Civil Practice and Remedies Code are authorized if the evidence establishes: (1) a pleading or motion was brought for an improper purpose; (2) there were no grounds for legal arguments advanced; or (3) a factual allegation or denial lacked evidentiary support. TEX. CIV. PRAC. & REM. CODE § 10.001 (Vernon 2002). Neither the trial court's sanctions order nor the court's findings of fact and conclusions of law identify any groundless or frivolous pleadings for purposes of Rule 13 and Chapter 10. Because the record fails to demonstrate Pam and her attorney filed any groundless or frivolous pleadings during the modification proceeding, we cannot say sanctions were justified under Rule 13 or Chapter 10. We therefore hold the trial court abused its discretion when it imposed sanctions against Pam and her attorney and sustain their challenge to the trial court's sanctions order.

## CONCLUSION

Although we believe the trial court acted within its discretion when it reduced Richard's child support obligation, we conclude the court's imposition of sanctions against Pam and her attorney constituted an abuse of discretion. The trial court's modification order is affirmed; however, the trial

court's award of sanctions is reversed and judgment is rendered that Richard take nothing on his claim for sanctions.


Catherine Stone, Chief Justice