*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00455-CV

**IN THE INTEREST OF C.L.O.**, A Minor Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CI-19229
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: March 10, 2010

AFFIRMED

James Ryan Oliver appeals the trial court's order modifying child support. We affirm the order of the trial court.

## BACKGROUND

James and Jennifer divorced in 2004. In the divorce decree, James was ordered to pay $520 a month for child support on behalf of the couple's only child, C.L.O. In 2009, Jennifer filed a petition for modification. On April 7, 2009, a hearing was held on the issue of modification. Both parties and their counsel were present at the hearing. At that time, the parties entered into a mediated settlement agreement stating that James would pay $618 a month in support pursuant to guidelines. On May 4, 2009, a second hearing was held so that the trial court could sign the modification order.

James and Jennifer, along with their respective attorneys, were present. At the hearing, James's attorney argued that the child support amount was inaccurately calculated based solely on James's 2009 earnings. Counsel requested that James be permitted ten minutes to explain why "he believes the numbers are incorrect." The trial court replied that the amount of support would be calculated based on current pay stubs submitted by James. The court stated that James could later file a motion to modify; counsel agreed, saying, "that's fine." The parties then conferred and Jennifer's attorney told the trial court that the parties had agreed that child support should be set at $619.80; James's attorney did not object. At the end of the hearing, James's attorney reiterated to the court that her client was "extremely upset because of the fact that he didn't get to put on his testimony." The court replied that "[t]his . . . is a Rule 11 agreement, there was a trial and these are the numbers and that's what the Court is going to sign."

James filed a motion for new trial, and at the hearing on the motion he testified that he was not allowed to give testimony regarding his income and the proper amount of child support at the May 4, 2009 hearing. James further testified that child support should be set at $443 a month because his gross income varies each year because he is paid hourly. James also stated that the amount of child support ordered failed to account for pay stubs he submitted beyond March 2009, when he was earning less money. The trial court denied the motion for new trial and awarded Jennifer $3,000 in attorney's fees. On appeal, James contends the trial court denied him due process by refusing to allow him to present testimony at the motion to sign orders hearing, thus allowing for the entry of an erroneous child support order.

## DISCUSSION

We review a trial court's decision modifying child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 108-09 (Tex. 1990); *In re G.L.S.*, 185 S.W.3d 56, 58 (Tex. App.—San Antonio 2005, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted arbitrarily or unreasonably, that is, without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *In re S.B.C.*, 952 S.W.2d 15, 17 (Tex. App.—San Antonio 1997, no pet.). In making this determination, we view the evidence in the light most favorable to the trial court's order, indulging every legal presumption in its favor. *In re D.S.*, 76 S.W.3d 512, 516 (Tex. App.— Houston [14th Dist.] 2002, no pet.). An abuse of discretion does not occur as long as there is some probative and substantive evidence to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g); *In re S.B.C.*, 952 S.W.2d at 18.

A trial court may modify the amount of child support a person is required to pay if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition. TEX. FAM. CODE ANN. § 156.401 (Vernon 2008). The best interest of the child is the predominant consideration in child support matters. *In re S.B.C.*, 952 S.W.2d at 17.

James asserts that the trial court's entering of the modified order violated his due process rights because he was not allowed the opportunity to explain why the income statements used to calculate child support were incorrect. Due process requires a party to receive notice and have an opportunity to be heard. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) (noting fundamental fairness dictates that a party must be given a reasonable opportunity to be heard on the

merits of his case at a meaningful time and in a meaningful manner). The right to be heard includes the right to a full and fair hearing before a court having jurisdiction over the matter. *Soefje v. Jones*, 270 S.W.3d 617, 625 (Tex. App.—San Antonio 2008, no pet.); *Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ). It also entails the right to introduce evidence, to examine witnesses, and to have judgment rendered only after a trial on the merits. *Soefje*, 270 S.W.3d at 625. Here, the trial court conducted two hearings before signing the modification order. James was notified of both hearings, present at both hearings, and represented by counsel at both hearings. The record reflects that the modified amount of child support was based on 2009 pay stubs provided by James and calculated according to guidelines. *See* TEX. FAM. CODE ANN. § 154.063 (Vernon 2008) (providing that parties are required to produce copies of current pay stubs); *id*. § 154.125 (Vernon Supp. 2009) (providing a presumptive child support guideline of twenty percent for one child when the obligor's monthly net resources are $7,500 or less). Moreover, James's attorney agreed to the amount of child support. Accordingly, on this record, we cannot conclude that James's due process rights were violated by the trial court's order. Further, the trial court did not abuse its discretion by entering the modified order. We overrule James's issue on appeal and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice