

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-12-00836-CV

**IN THE MATTER OF J.I.T.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-JUV-01954
The Honorable Carmen Kelsey,[1] Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  July 10, 2013

AFFIRMED

J.I.T., a juvenile, appeals from a disposition modification order placing him on probation outside the home.  We affirm the order of the trial court.

**BACKGROUND**

On November 15, 2011, J.I.T. was adjudicated as having engaged in delinquent conduct, specifically, evading arrest or detention, and was placed on probation in the custody of his mother. On March 26, 2012, the State filed its first motion to modify disposition; J.I.T.'s term of probation was extended by six months, but he was allowed to remain at home.  On September 17, 2012, the State filed a second motion to modify disposition alleging that J.I.T. violated Conditions Number 3, 7, and 16 of his probation by using or possessing illegal drugs, failing to follow curfew, and

---

[1] Associate Judge Irma D. Hernandez presided over the October 18, 2012 hearing.

failing to attend school every day. At the modification hearing, J.I.T. pled true to all of the alleged violations.

The trial court considered the recommendations of the State (probation outside the home), the probation department (probation outside the home), J.I.T.'s counsel (intensive supervised probation with drug therapy), and his mother, who explained that J.I.T. needs help and that she "has tried to help him [but] it doesn't work." His mother further testified that "whether he gets angry with me or not, [placement is] the best for him . . . I thought I was the best for him, but he needs to go to placement to get help. That's where I want him because I want better for him." The trial court found that J.I.T. violated the terms of his probation; extended the term of his probation for 15 months; and ordered him into the physical custody of the Chief Juvenile Probation Officer of Bexar County. J.I.T. now complains that the trial court abused its discretion when it placed him outside his home because a continuation of probation at home would have been more appropriate.

### ANALYSIS

A juvenile court generally has broad discretion to determine the appropriate disposition for a child who has been adjudicated as having engaged in delinquent conduct. *In re K.J.N.*, 103 S.W.3d 465, 465–66 (Tex. App.—San Antonio 2003, no pet.). Absent a showing of an abuse of discretion, a reviewing court will not disturb the court's modification of a juvenile's disposition. *Id.* at 466; *In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet). An abuse of discretion occurs when the trial court acts unreasonably or arbitrarily and without reference to guiding rules and principles. *In re K.J.N.*, 103 S.W.3d at 466 (citing *In the Interest of S.B.C.*, 952 S.W.2d 15, 17 (Tex. App.—San Antonio 1997, no writ)).

When a juvenile court modifies a disposition by placing a juvenile on probation outside the home, the court shall include in its order a determination that: (1) it is in the child's best interests to be placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate the

need for the child's removal from the child's home and to make it possible for the child to return home; and (3) that the child's home cannot provide the quality of care and level of support and supervision that the child needs to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.05(i), (m)(1)(A)-(C) (West Supp. 2012). The trial court made the findings required by section 54.05(m) of the Family Code and further found that placement outside the home was necessary because J.I.T.'s father contributes to J.I.T.'s drug use; J.I.T.'s drug use has escalated; J.I.T. defies authority and is fighting in juvenile detention; J.I.T.'s counselor believes he needs more structure in his life; J.I.T. is verbally and physically abusive to his parents; and J.I.T. is in need of a structured and therapeutic environment.

The evidence produced at the modification hearing shows that although J.I.T. was twice placed on probation in his mother's care, he continued to defy authority and was physically and verbally abusive toward his parents. The probation officer reported that J.I.T. often rejects treatment for his medical condition and refuses to listen to advice from the probation department, school administration, counselor, and his parents, all of whom continue to encourage J.I.T. to make better choices. Moreover, J.I.T.'s attempts to live with other family members proved unsuccessful. J.I.T. tried living with his grandparents, but he reportedly took advantage of their illness and of their advanced age. J.I.T. also tried living with his aunt; however, despite her best efforts to redirect his negative behaviors, she felt that J.I.T. was a negative influence on her other children. J.I.T.'s attempts to live with his father and uncle also failed. J.I.T. was suspected of stealing money and property from the residence, and J.I.T.'s father and uncle reportedly physically assaulted J.I.T. on multiple occasions. J.I.T.'s mother was also "concerned about his contact with his father [because J.I.T.] runs away from her home, and then ends up with his father, and when he comes back he is drugged up." J.I.T.'s mother requested that the court put her son in placement.

Because on this record there exists evidence to substantiate the trial court's findings, we cannot conclude the trial court abused its discretion in extending J.I.T.'s probation for a period of 15 months and placing him on probation outside the home. Accordingly, we affirm the trial court's order of disposition.

Rebeca C. Martinez, Justice